P. M. MOORE, *et al.,* v. S. A. BROWN & CO.

1. QUESTION, *Not Erroneous.* Under the circumstances of this case, it was not substantial error for the court to permit the following question to be put to the witness and the following answer given, to wit: *Question* — "How does that compare with what he said?" *Answer* — "It is the same."

2. DEPOSITION, *Admitted in Evidence, Not Error.* Before the trial a deposition of the defendant was taken by the plaintiff. This deposition was signed by the defendant. On the trial, the court permitted the plaintiff

to read this deposition in evidence as the written admission of the defendant, although the defendant resided in the county where the trial was had, and was then present at the trial in obedience to a subpena issued on behalf of the plaintiff. *Held*, Not error.

### *Error from Woodson District Court.*

ACTION brought by *S. A. Brown & Co.* against *Moore* and wife and four other defendants, to subject certain real estate to sale for the payment of a judgment previously recovered by said plaintiffs against said *Moore* and one *William Bacus*. The nature of the action, and all necessary facts, appear in the opinion. Trial at the June Term, 1878, of the district court, and judgment for plaintiffs. The defendants bring the case here.

*W. A. Johnson,* and *H. L. Poplin,* for plaintiffs in error.

*Cates & Keplinger,* for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by S. A. Brown & Co. against P. M. Moore and wife, M. G. Moore; John P. Sharp and wife, Abbie V. Sharp; and Ency A. Silsby, and John Silsby, heirs-at-law of Horace H. Silsby, deceased. The action was brought for the purpose of subjecting certain real estate to sale for the payment of a judgment previously recovered by said S. A. Brown & Co. against said P. M. Moore and one William Bacus. Said real estate formerly belonged to said P. M. Moore; and Moore and wife, by a deed absolute upon its face, conveyed the same to John P. Sharp; and Sharp and wife, by a deed absolute upon its face, conveyed a portion thereof to Horace H. Silsby; and Silsby dying intestate, his interest in the property descended to his wife, said Ency A. Silsby, and his only child, said John Silsby. The plaintiffs alleged in their petition that these deeds were without consideration, and made for the purpose of defrauding creditors. They also alleged all the other facts necessary for the statement of a good cause of action. The case was tried by the court below, without a

jury, and the court made special findings of fact and conclusions of law. The court below found that said deeds, although absolute upon their face, were in fact mortgages, made to secure liabilities of Moore to Sharp, and of Moore to Silsby, and that the liabilities of Moore to Sharp had been extinguished, and that the liability of Moore to Silsby, secured by such deed, was at the time of the trial only $560. The court also found that both of said deeds, or mortgages, were made for the purpose of defrauding Moore's creditors. The court rendered judgment in favor of Mrs. Silsby (who was found to be the party beneficially interested in the Silsby claim), and against Moore, for $560, and made her claim the prior lien on said real estate conveyed to Silsby. The court also rendered judgment in favor of the plaintiffs, S. A. Brown & Co., and against Moore, for $4,400, and made their claim a lien upon all the real estate conveyed by Moore to Sharp, but only a second lien upon that portion thereof which Sharp conveyed to Silsby. No judgment was rendered in favor of Sharp, for the court found that all the liabilities secured by the deed to him had been extinguished.

Is this judgment erroneous? All the defendants below have brought the case to this court, and all contend that the judgment is erroneous; but we cannot suppose that they complain of the judgment as between themselves, for they have all employed the same counsel, and all are represented by the same counsel in this court. We might also say that, as John Silsby, who is a minor, is represented in this court by his mother, said Ency A. Silsby, guardian, we cannot suppose that there is any conflict of interest between them. The question then in this court is simply this: Did the court below commit any substantial error as between the plaintiffs below (defendants in error) and any of the defendants below (plaintiffs in error)? The plaintiffs in error claim that it did, as follows: in admitting incompetent evidence, in overruling a demurrer to evidence, in making findings of fact against the evidence, and in overruling the defendants' motion for a new trial.

The first of said supposed errors is as follows: Previous to the trial, one of the plaintiffs' counsel, Samuel C. Junkins, took the deposition of the defendant John P. Sharp. This deposition was taken in the ordinary way, *and was signed by Sharp.* On the trial, Junkins was a witness, and gave the following among other testimony: "The circumstances were: I was taking depositions as an attorney, on behalf the plaintiffs. His [Sharp's] statements were reduced to writing by justice, P. Graves. I was present. He made the statements in response to questions propounded by myself, as attorney in this case, and he signed it. It was read to him before he signed it. His statements were reduced to writing as fast as he made them. I sat by and saw the pen of the justice, and saw that he recorded each sentence correctly. That writing is here. I have it in my hand. Have read it since it was taken." The plaintiffs then put the following question to the witness, Junkins: "How does that compare with what he said?" And the witness answered, "It is the same." The deposition or writing was then offered in evidence by the plaintiffs, as the written admissions of the defendant Sharp, and the court permitted the same to be read. Sharp resided in the county where the action was tried, and was then present at the trial, in obedience to a subpena issued on behalf of the plaintiffs. The defendants now, as plaintiffs in error, complain of said question, "How does that compare with what he said?" and also complain of the reading of said deposition. We might here say, that after said deposition was read, Sharp was examined as a witness, and went over again all that he had stated in his deposition. We would hardly think that any one could suppose that the judgment of the court below could be reversed on account of said rulings. There was certainly no substantial error in permitting said question to be asked and answered. And there was no error in permitting said deposition of the defendant Sharp to be read in evidence, as his admissions. Neither was there any error in permitting the deposition of the defendant Moore to be read in evidence, as his admissions. Said depositions were signed respectively by Sharp and Moore.

K. C. Ft. Scott & G. Rld. Co. v. Ewing.

The other questions may all be considered together. They amount to this: Did the evidence authorize the judgment rendered? We think it did. That said deeds were executed for the purpose of defrauding Moore's creditors, we think there can be no doubt. And they were executed specially to defraud these plaintiffs. Said deeds were also unquestionably intended, as between the parties, to be only mortgages. The deed from Moore to Sharp was made to secure some comparatively small liabilities of Moore to third parties, on which Sharp was a security; and both instruments were made in the form of deeds absolute, the better to place the property beyond the reach of Moore's creditors. The court below, in rendering judgment, treated the Silsby claim as honest and *bona fide* up to the amount of $560. And this we think is as much as the Silsbys can claim. We think the findings of the court below with reference to fraud, are sufficiently sustained by the evidence. We agree with counsel for defendants (plaintiffs in error), however, as to the law concerning fraud. We do not think that any substantial error was committed in this case, and therefore the judgment of the court below must be affirmed.

All the Justices concurring.